SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen John Illies, Sr., | No. CV 06-2587-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Stephen John Illies, Sr., who is confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court dismissed the Complaint with leave to file an amended complaint. (Doc.# 5.) Plaintiff filed a First Amended Complaint. (Doc.# 7.) The Court will order Defendant Arpaio to answer Counts I and III of the First Amended Complaint and will dismiss the remaining claims without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

---

[1] "Doc.#" refers to the docket number of filings in this action.

**TERMPSREF**

28 U.S.C. § 1915A(b)(1), (2).

## III. First Amended Complaint

Plaintiff alleges three claims in his First Amended Complaint regarding his conditions of confinement. Plaintiff sues Maricopa County Sheriff Joseph Arpaio. Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which he complains was committed by a person acting under the color of state law and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In Count II, Plaintiff alleges that each pod is designed to house 30 inmates but instead houses 45, which results in insufficient seating for inmates in the dayroom. (Doc.# 7 at 5.) He further alleges that there are only three telephones, which results in lines to make calls and missed calls to attorneys. (Id.) He alleges that the combination of these circumstances leads to fights and pose a threat to his safety. (Id.)

A pretrial detainee's claim for unconstitutional conditions of confinement arises under the Fourteenth Amendment Due Process Clause while a convicted inmate's claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Because the rights are comparable, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim regarding his conditions of confinement, a plaintiff must allege that a jailor's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and that the jailor acted

1   with deliberate indifference to an excessive risk to inmate health or safety. Allen v. Sakai,
2   48 F.3d 1082, 1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825 (1994); see
3   Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a
4   plaintiff must allege a constitutional deprivation that is objectively "sufficiently serious" to
5   result in the denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S.
6   at 834.  Thus, whether conditions of confinement rise to the level of a constitutional violation
7   may depend, in part, on the duration of an inmate's exposure to those conditions. Keenan
8   v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87
9   (1978)).  A plaintiff must also allege facts supporting that the prison official had a
10  "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference
11  to inmate health or safety. Farmer, 511 U.S. at 834.  In defining "deliberate indifference"
12  in this context, the Supreme Court has imposed a subjective test, "the official must both be
13  aware of the facts from which the inference could be drawn that a substantial risk of serious
14  harm exists, and he must also draw the inference." Id. at 837.

15        The absence of seating for every inmate in a pod at the same time in the dayroom
16  does not rise to the level of a constitutional violation, i.e., denial of "the minimal civilized
17  measure of life's necessities." Id. at 834.  Similarly, limited telephone access does not rise
18  to the level of a constitutional violation.  The United States Constitution does not provide for
19  an unfettered right to use a phone.  A telephone is merely one means for an inmate to
20  exercise limited First Amendment rights to communicate with persons outside the prison,
21  rights which may be met through other means such as correspondence or personal visits.
22  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002).  Further, Plaintiff fails to allege
23  facts to show that *his* safety has been threatened as a result of the allegedly insufficient
24  seating in the dayroom and/or the limited access to a telephone.  Count II will be dismissed
25  for failure to state a claim.

26  **V.   Claims for Which an Answer Will be Required**

27        In Counts I and III, Plaintiff alleges that the Towers Jail holds approximately a third
28  more inmates than it was designed to hold, which results in extreme noise levels and

1 exacerbates tensions posing a threat to Plaintiff's safety due to fights and confrontations.
2 (Doc.# 7 at 4, 6.)  Plaintiff also alleges that he has been put on medications to enable him to
3 cope with the overcrowding and noise levels.  (Id.)  Plaintiff alleges that Arpaio's policies
4 resulted in the alleged constitutional violations.  (Id. at 2.) Plaintiff sufficiently states a claim
5 regarding his conditions of confinement in Counts I and III against Arpaio, who will be
6 required to answer.

7 **VI.    Warnings**

8     **A.    Release**

9 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
10 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
11 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
12 in dismissal of this action.

13     **B.    Address Changes**

14 Plaintiff must file and serve a notice of a change of address in accordance with Rule
15 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
16 relief with a notice of change of address.  Failure to comply may result in dismissal of this
17 action.

18     **C.    Copies**

19 Plaintiff must submit an additional copy of every filing for use by the Court.  See
20 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
21 to Plaintiff.

22     **D.    Possible Dismissal**

23 If Plaintiff fails to timely comply with every provision of this Order, including these
24 warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at
25 1260-61 (a district court may dismiss an action for failure to comply with any order of the
26 Court).

27 **IT IS ORDERED:**

28     (1)    Count II of the First Amended Complaint is **dismissed** without prejudice.

(2) Defendant Arpaio must answer Counts I and III of the First Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 7), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on the Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to the Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon

Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 15th day of May, 2007.

_____
David G. Campbell
United States District Judge